IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GLENDA HEARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 117-113 |
| ) | |
| NANCY A. BERRYHILL, Deputy ) | |
| Commissioner for Operations, ) | |
| performing the duties and functions not ) | |
| reserved to the Commissioner of ) | |
| Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Glenda Heard appeals the partially favorable decision of the Deputy Commissioner for Operations on her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.   BACKGROUND**

Plaintiff applied for DIB on August 15, 2013, and protectively filed for SSI on that same date, alleging a disability onset date for both applications of July 20, 2013. Tr. ("R."), pp. 18,

---

[1] The Court **DIRECTS** the **CLERK** to update Defendant's title on the docket consistent with the caption of this Report and Recommendation. (See doc. no. 15, p. 1.)

229, 236. For purposes of DIB, Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2014. R. 20, 243. Although Plaintiff was forty-eight years old at the time she applied for benefits, she was fifty-one years old on the date of the administrative hearing and at the time the Administrative Law Judge ("ALJ') issued the decision currently under consideration. R. 32, 39, 43. Plaintiff applied for disability benefits based on a combination of alleged impairments, including degenerative disc disease, depression, pre diabetes, spondylosis, and nerve damage in her back. R. 264. Plaintiff completed high school, and prior to her alleged disability, Plaintiff accrued twenty-nine years of work experience as a housekeeper, cook, and short-order cook. R. 44-47, 56, 265.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 96-97, 140-41. Plaintiff then requested a hearing before an ALJ, R. 162-63, and the ALJ held a hearing on August 16, 2016. R. 39-59. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and from Mark Anderson, a Vocational Expert ("VE"). Id. The ALJ issued an unfavorable decision on August 31, 2016. R. 14-38.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since her alleged onset date of July 20, 2013, through her date last insured ("DLI") of December 31, 2014, and through the date of the administrative decision. (C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments since July 20, 2013: degenerative disc disease of the lumbar spine, degenerative joint disease of the bilateral knees, anxiety, depression, and obesity (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. Since July 20, 2013, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed

      impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. Since July 20, 2013, the claimant has the residual functional capacity ("RFC") to perform sedentary work[2] as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except the claimant (1) can occasionally climb stairs and ramps; (2) can never climb ladders and scaffolds; (3) can occasionally balance, stoop, kneel, crouch and crawl; (4) must avoid concentrated exposure to hazards such as unprotected heights and moving mechanical parts; (5) must avoid concentrated exposure to industrial types of vibration; and (6) must have access to plumbed restroom facilities. Further the claimant can (1) understand, remember, and carry out simple instructions; (2) have occasional interaction with supervisors, coworkers and the public; (3) only make simple, work-related decisions; and (4) only tolerate occasional change in work location. Thus, since July 20, 2013, the claimant has been unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

5. Prior to the established disability onset date, the claimant was a younger individual age 45-49. On June 6, 2015, the claimant's age category changed to an individual closely approaching advanced age (20 C.F.R. §§ 404.1563 and 416.964).[3] Prior to the date the claimant's age category changed to closely approaching advanced age, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the claimant could have performed, (20 C.F.R. §§ 404.1569, 404.1569a, 416.969, and 416.969a), including patcher, touch-up screener, and table worker. On the date the claimant's age category changed to closely approaching advanced age, considering the claimant's age, education, work experience, and RFC, there are no jobs that exist in significant numbers in the national economy that the claimant could perform (20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), and 416.966). Therefore, the claimant was not disabled prior to June 6, 2015, including at any time through her date last insured of December 31, 2104, but she became disabled on June 6, 2015, and has continued to be disabled through the date of the

---

[2]"Sedentary work" is defined as:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) & 416.967(a).

[3]The June 6, 2015 date appears to be a typographical error, as Defendant's birthday is actually June 7th. As both sides agree the critical established disability date is when Plaintiff turned fifty years old, the Court will use the June 6th date to avoid confusion.

3

>ALJ's decision, August 31, 2016 (20 C.F.R. §§ 404.1520(g), 416.920(g), 404.315(a), 404.320(b)).

R. 20-31.

Plaintiff requested review by the Appeals Council ("AC"), arguing the ALJ erred by mechanically applying the Medical-Vocational Guidelines (the "Grids") to determine Plaintiff's onset disability date at age fifty, just over five months after Plaintiff's DLI of December 31, 2014, rather than adjudicating the case as a "borderline situation," which would allow for consideration of an earlier disability onset date predating her last insured date. R. 352-54. When the AC denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that partially adverse decision.

Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to determine if a borderline age situation existed, and if so, then decide whether Plaintiff's chronological age or the higher age category should be used to make the disability determination. See Pl.'s Br., doc. no. 14; Pl.'s Reply Br., doc. no. 16. The Commissioner maintains the administrative decision is supported by substantial evidence because the ALJ properly relied on the testimony of a VE to determine Plaintiff was not disabled prior to age fifty and then applied the Grids to find she was disabled once she turned fifty. See Comm'r's Br., doc. no. 15.

## II.  STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by

4

substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is "more than a scintilla, but less than a preponderance:  '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).  Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether

correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.  DISCUSSION

Because the record does not demonstrate the ALJ considered whether Plaintiff's case presented a borderline age situation, the case should be remanded. As described above, at step four of the sequential evaluation process, the ALJ determined Plaintiff could not perform her past relevant work and had an RFC for sedentary work, with additional limitations. R. 21, 30. Thus, the burden shifted to the Commissioner at the fifth step to show the existence of other types of substantial gainful employment Plaintiff could perform given her age, education, previous work experience, and RFC. See Phillips v. Barnhart, 357 F.3d 1232, 1238-39 (11th Cir. 2004). To make this determination, the ALJ may apply the Grids or consult a VE. Id. at 1239-40. The Grids "consist of a matrix of the four factors identified by Congress – physical ability, age, education, and work experience – and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant number in the national economy." Heckler v. Campbell, 461 U.S. 458, 461-62 (1983). The Grids direct a determination on disability when a claimant's circumstances coincide with the criteria of a particular rule listed in the Grids. Id. at 462; Rule 200.00(a), 20 C.F.R. Pt. 404, Subpt. P, App. 2.

Under the applicable regulations, if a claimant is under the age of fifty, she is considered a "younger person"; a claimant who is fifty to fifty-four years old is "closely approaching advanced age." 20 C.F.R. §§ 404.1563(c) & (d); 416.963(c) & (d). "Generally, advancing age is considered to be an increasingly limiting factor in a claimant's ability to adjust to other work." McShane v. Comm'r of Soc. Sec., No. 8:15-cv-677, 2016

6

WL 836690, at *3 (M.D. Fla. Mar. 4, 2016).  For example, although age is not generally considered to impact a younger person's ability to adjust to other work, "age, along with a severe impairment and limited work experience, may seriously affect a person closely approaching advanced age." Id.  Thus, under the Grids, age may have a substantial effect on the disability determination and should be given individualized consideration in each case. See Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984).  Consequently, "to determine whether the ALJ's decision was supported by substantial evidence, there must be at a minimum, some showing that the ALJ considered the overall factors in the claimant's case, including age and other vocational factors, before applying a particular age category." McShane, 2016 WL 836690, at *5.

Moreover, the age categories will not be applied mechanically in a borderline situation.  Id. at *4.  "A borderline situation exists where there would be a shift in results under the Grid caused by the passage of a few days or months."  Roark v. Comm'r of Soc. Sec., No. 6:14-cv-84, 2015 WL 1288140, at *3 (M.D. Fla. Mar. 20, 2015); see also 20 C.F.R. §§ 404.1563(b) & 416.963(b) ("If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.").  However, "[t]here is no precise definition of a borderline situation in the statutes, regulations, or binding case authority." McShane, 2016 WL 836690, at *4.  Yet, there does appear in the federal courts to be some general coalescence around the six month mark from the older age category as falling within a borderline situation. Id. at *5 (citing collection of cases in Pettway v. Astrue, No. CA 110-127-C, 2010 WL 3842365, at *3 (S.D. Ala. Sept. 27, 2010)).

7

Plaintiff's fiftieth birthday occurred five months and six days after her DLI of December 31, 2014. Plaintiff's age on her DLI is crucial for the disability determination because although the ALJ determined Plaintiff was disabled as of her fiftieth birthday, because the onset of disability fell after the DLI, Plaintiff was not awarded benefits. See Mason v. Comm'r of Soc. Sec., 430 F. App'x 830, 831 (11th Cir. 2011) (*per curiam*) ("If a claimant becomes disabled [a]fter [s]he has lost [her] insured status, [her] claim must be denied despite [her] disability." (citation omitted)). Plaintiff maintains that because the ALJ found Plaintiff automatically became disabled when she moved from the category of a younger individual to an individual closely approaching advanced age, the ALJ did not consider whether the case presented a borderline situation. Thus, contends Plaintiff, the Grids were mechanically, and therefore improperly, applied. The Commissioner argues the Grids were not mechanically applied because the ALJ relied on the testimony of a VE to determine jobs existed Plaintiff could perform before she turned fifty.

The Commissioner's argument misconstrues Plaintiff's argument to put the mechanistic application in front of Plaintiff's fiftieth birthday. That is, Plaintiff does *not* argue the ALJ should have automatically applied the higher age category in the Grids to find Plaintiff disabled prior to her fiftieth birthday. Rather, she argues the ALJ should have considered whether the case presented a borderline age situation, and if so, then decide whether to use Plaintiff's chronological age or a higher age category. Pl.'s Reply Br., pp. 1-2. The Court agrees the ALJ was not required to automatically apply the higher age category and thus automatically move Plaintiff into the higher age category because her DLI was within six months of her disability date pursuant to the Grids. However, the Court does not

agree that use of a VE relieves the ALJ of her burden to show she made an individualized determination about the proper age category.  See McShane, 2016 WL 836690, at *5.

Simply put, because it is not clear the ALJ evaluated the overall impact of all the factors in Plaintiff's case, including the possibility of a borderline age situation, the Court is unable to determine whether the administrative decision is supported by substantial evidence. Although there is no requirement an ALJ make specific factual finding about a borderline situation, courts have required that the ALJ consider a borderline situation and explain the decision to apply a particular age category.  McShane, 2016 WL 836690, at *4.  Here, the discussion of ALJ's age was limited:  "Prior to the established disability onset date, the claimant was a younger individual age 45-49.  On June 6, 2015, the claimant's age category changed to an individual closely approaching advanced age."  R. 30.  The ALJ made no finding regarding transferability of skills prior to Plaintiff's fiftieth birthday, stating, "Prior to June 6, 2015, transferability of job skills is not material to the determination of disability because using the Medical-Vocation Rules as a framework supports a finding that the claimant is 'not disabled' whether or not the claimant has transferable job skills."[4]  R. 30. Automatically as of age fifty, however, the ALJ stated Plaintiff was not able to transfer job skills.  R. 30.  This indicates "the ALJ's ultimate decision is substantially based upon the Grids," regardless of whether the ALJ consulted a VE concerning the period prior to Plaintiff's fiftieth birthday, and strongly suggests the ALJ failed to consider the implications of a potential borderline age situation.  See Roark, 2015 WL 1288140, at *7.

---

[4]The ALJ did ask the VE if Plaintiff had any transferrable skills to the sedentary exertional level, and the VE answered, "No."  R. 56-57.  However, because the ALJ's written opinion states transferability of skills is not material to the determination of disability prior to Plaintiff's fiftieth birthday, the Court cannot conclude the ALJ considered this information in making her decision.

Aditionally, the ALJ relied on the VE to determine the extent to which Plaintiff's identified limitations impacted her ability to adjust to other work at the sedentary level, not because Plaintiff's borderline age situation presented another factor necessitating additional consideration.  See McShane, 2016 WL 836690, at *6.  The hypothetical presented to the VE upon which the ALJ relied to determine Plaintiff was not disabled prior to her fiftieth birthday gave no indication this was a borderline age case and listed only the limitations identified in the RFC set forth *supra*.  R. 57-58.  None of those limitations discussed the impact of a potential borderline age situation.

Moreover, as Plaintiff points out, there is some evidence in the record suggesting Plaintiff's condition was worsening prior to her DLI, when her back pain did not respond well to a nerve stimulator, R. 1494, as well as evidence shortly after her DLI in May and early June 2015 showing disc space narrowing at L4-L5, R. 1460, 1476, 1479-81, thus suggesting the possibility increased pain could have reduced her ability to adapt to less than the level found in the Grids a for person her age.  Pl.'s Reply Br., p. 3.  "The Court can only know if the ALJ considered a claimant's borderline age situation if that fact appears explicitly or implicitly in the ALJ's decision."  Roark, 2015 WL 1288140, at *5.  The only discussion of Plaintiff's age offered by the ALJ was a statement that the day her age category changed, she became disabled.  R. 30.

The Court agrees with the following summary of a strikingly similar case:

> [The administrative decision], without even discussing plaintiff's borderline age situation, determined that plaintiff was disabled the day he turned 50.  Clearly, this can only be seen as a mechanical application of the age factor of the Grid which works a special hardship on the plaintiff whose insurance expired.  For that reason, the decision of the [Commissioner], which contravenes her own regulations must be reversed.  The cause should be remanded for an individualized determination of the age factor and for proper consideration of the plaintiff's borderline status.

Chester v. Heckler, 610 F. Supp. 533, 535 (S.D. Fla. 1985). Similarly here, the ALJ determined Plaintiff was disabled the day she turned fifty, but because her DLI passed – less than six months prior to her birthday - she was ineligible for benefits.

As explained above, "[T]here must be, at a minimum, some showing that the ALJ considered the overall factors in the claimant's case, including age and other vocational factors, before applying a particular age category." McShane, 2016 WL 836690, at *5. That did not happen here, and therefore, the case should be reversed and remanded. The ALJ's error is prejudicial because, as set forth above, despite a twenty-nine year work history, because her DLI passed, Plaintiff was ineligible for benefits. This case presents the quintessential example of how "in some situations, using the older age category may result in a determination of 'disabled' while using the claimant's chronological age may result in a determination of 'not disabled.'" Id. at *4.

The Court's recommendation for remand should in no way be construed as a comment as to which age category should be applied or whether Plaintiff is disabled as defined by the Social Security Act. Indeed, as demonstrated by the ALJ's thorough review of the medical evidence of record, the disability determination may not change. However, the case should be remanded for consideration of the overall factors in Plaintiff's case, including whether the case presents a borderline age situation. Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 19th day of June, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA