IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GLENDA HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-113 |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. no. 21.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for attorneys' fees be **GRANTED IN PART**, and Plaintiff be **AWARDED** attorneys' fees in the amount of $4,879.12.

**I.    DISCUSSION**

On July 10, 2018, Chief United States District Judge J. Randal Hall granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) and judgment was entered in Plaintiff's favor. (Doc. nos. 17, 19, 20.) Plaintiff now requests $9,276.85 in attorneys' fees for 46.42 hours of representation, consisting of 5.25 hours, including fee briefing, from Charles L. Martin, 35.17 hours from Denise Sarnoff, and 6.00 hours from Michel Phillips. (Doc. no. 21-3, p. 4; doc. nos. 21, 23.) The Commissioner argues Ms. Sarnoff should be compensated at the paralegal rate, not the attorney rate, because she is not admitted to the bar

of the State of Georgia, not admitted to practice in this Court, and did not seek admission to appear *pro hac vice*. (Doc. no. 22, pp. 2-4.) Although attorney Phillips is also not admitted to this Court, he is admitted to the State Bar of Georgia and appears to work at the same firm as Plaintiff's attorney of record, Mr. Martin; the Commissioner does not contest his request for reimbursement at attorney rates. (See id.; see also doc. no. 21-5.) The Commissioner further argues for "a reduction of at least 7 hours to account for redundancies in work" because one attorney initially reviewed the merits of the case but a different attorney prepared the brief and an unnecessary medical record index. (Doc. no. 22, pp. 4-5.)

> A. Ms. Sarnoff is Entitled to Compensation at the Paralegal Rate

The EAJA provides that "a court shall award to a prevailing party, other than the United States, fees and other expenses, in addition to any costs awarded . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A district court can reduce EAJA fees for attorneys who are not members of the court's bar, and do not move for *pro hac vice* admission. See Zech v. Comm'r of Soc. Sec., 680 F. App'x 858, 859-60 (11th Cir. 2017) (*per curiam*) (finding no abuse of discretion in reducing compensation rates of two attorneys to paralegal rates because attorneys were not admitted to bar of court and did not move for *pro hac vice* admission despite existence of Local Rules containing requirements for appearing and participating in cases); Callaway v. Berryhill, CV 115-166, 2017 WL 10821425, *treated as Report and Recommendation and adopted by*, 2019 WL 591461 (S.D. Ga. Feb. 13, 2019) (Hall, C.J.) (applying paralegal rate to services of non-admitted attorney); see also Zabala v. Comm'r of Soc. Sec., No. 6:17cv-628, 2018 WL 6589837, at *2 (M.D. Fla. Dec. 14, 2018) (collecting cases supporting application of

"paralegal rate to services of non-admitted attorney in cases, where, as here, admission was never sought"). The district court retains discretion to award compensation within a wide range of permissible options. Zech, 680 F. App'x at 860.

Here, the only attorney of record for Plaintiff is Mr. Martin. As Ms. Sarnoff is an attorney not admitted to practice law in this District, not licensed to practice law in Georgia, and not admitted *pro hac vice*, the Court exercises its discretion to recommend compensation at a paralegal rate. The rate at which paralegal services are to be compensated must be in line with "prevailing market rates." See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 590 (2008). The Court therefore applies a $75.00 hourly rate for paralegal services, an amount found to be reasonable in this Circuit. See Callaway, 2019 WL 591461, at *1; Zabala, 2018 WL 6589837, at *2. However, as the amount of work and time spent is consistent with paralegal work, the Court declines to reduce Ms. Sarnoff's hours as requested by the Commissioner based on preparation of a medical index and redundancy of attorney work.

Accordingly, the Court recommends granting in part Plaintiff's motion (doc. no. 21), and awarding attorneys' fees in the amount of $4,879.12, based on the following:

Mr. Martin-   $1,052.47

    1.4 hours @ $198.15
    1.4 hours @ $199.90
    0.4 hours @ $201.15
    2.05 hours @ $202.31

Mr. Phillips-   $1,188.90

    6.0 hours @ $198.15

Ms. Sarnoff-   $2,637.75

    35.17 hours @ $75.00.

B.     The Fees Are Payable to Plaintiff

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Indeed, this approach has been followed in this District. See Shank v. Berryhill, CV 116-030, doc. no. 20 (S.D. Ga. May 24, 2017) (awarding EAJA fees to plaintiff without directing payment to counsel despite plaintiff's assignment of award to counsel); Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (same); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court recommends awarding the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States. The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073-T-23TGW, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury"); Griffin v. Astrue, No. 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where

funds remain after satisfaction of such debt.").

## II.  CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for attorneys' fees be **GRANTED IN PART**, (doc. no. 21), and Plaintiff be **AWARDED** attorneys' fees in the amount of $4,879.12.

SO REPORTED and RECOMMENDED this 26th day of February, 2019, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA